Case 1:21-cv-02879-WJM-MEH

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
ALFRED A. ARRAJ COURTHOUSE
901-19TH ST., ROOM A 105
DENVER, COLORADO 80294-3589
(#) 303-844-3433

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
MAY 20 2022
JEFFREY P. COLWELL
CLERK

May 16, 2022

In Re: Case NO# 1:21-cv-02879-WJM-MEH

- Motion to ADD Principles of Medical Ethics to case.

Dear Clerk;

I ask to please enter the following "Principles of Medical Ethics" to this case # 1:21-cv-02879-WJM-MEH. In effort to support my current claim.

Thank You!
David A. Noriega
#912734

Case No.# 1:21-cv-02879-WJM-MEH

**Principles of Medical Ethics relevant to the Role of Health Personnel, particularly Physicians, in the Protection of Prisoners and Detainees against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment**

Principle 1

Health personnel, particularly physicians, charged with the medical care of prisoners and detainees have a duty to provide them with protection of their physical and mental health and treatment of disease of the same quality and standard as is afforded to those who are not imprisoned or detained.

Principle 2

It is a gross contravention of medical ethics, as well as an offence under applicable international instruments, for health personnel, particularly physicians, to engage, actively or passively, in acts which constitute participation in, complicity in, incitement to or attempts to commit torture or other cruel, inhuman or degrading treatment or punishment.

Principle 3

It is a contravention of medical ethics for health personnel, particularly physicians, to be involved in any professional relationship with prisoners or detainees the purpose of which is not solely to evaluate, protect or improve their physical and mental health.

Principle 4

It is a contravention of medical ethics for health personnel, particularly physicians:

(a) To apply their knowledge and skills in order to assist in the interrogation of prisoners and detainees in a manner that may adversely affect the physical or mental health or condition of such prisoners or detainees and which is not in accordance with the relevant international instruments; **2**

(b) To certify, or to participate in the certification of, the fitness of prisoners or detainees for any form of treatment or punishment that may adversely affect their physical or mental health and which is not in accordance with the relevant international instruments, or to participate in any way in the infliction of any such treatment or punishment which is not in accordance with the relevant international instruments.

Principle 5

It is a contravention of medical ethics for health personnel, particularly physicians, to participate in any procedure for restraining a prisoner or detainee unless such a procedure is determined in accordance with purely medical criteria as being necessary for the protection of the physical or mental health or the safety of the prisoner or detainee himself, of his fellow prisoners or detainees, or of his guardians, and presents no hazard to his physical or mental health.

Principle 6

There may be no derogation from the foregoing principles on any ground whatsoever, including public emergency.

David A. Noriega #912734
Denver Sheriff Department
P.O. Box 1108
Denver, CO 80201

DENVER CO 802
18 MAY 2022 PM 4 L

US POSTAGE PITNEY BOWES
ZIP 80204 $ 000.53⁰
02 4W
0000345735 MAY 18 2022

OFFICE OF THE CLERK
United States District Court
ALFRED A. ARRAJ COURTHOUSE
901-19TH ST., ROOM A105
Denver, Co. 80294-3589

**Legal Mail**

80294-250151