IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-2879-WJM-MEH

DAVID A. NORIEGA,

    Plaintiff,

v.

PAUL PELLETIER, M.D.,
ERIC LAVONAS, M.D., and
HOFFMAN, M.D., in their individual capacities,

    Defendants.

---

### ORDER ADOPTING JULY 12, 2022 RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before the Court on the July 12, 2022 Report and Recommendation of United States Magistrate Judge Michael E. Hegarty (the "Recommendation") (ECF No. 78) that the Court grant Defendants Paul Pelletier, M.D., Eric Lavonas, M.D.,[1] and Hoffman, M.D.'s (collectively, "Defendants") Motion to Dismiss (ECF No. 58) and dismiss Plaintiff David Noriega's claims with prejudice. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Plaintiff filed an objection to the Recommendation ("Objection"). (ECF No. 79.) Defendants filed a response to the Objection ("Response").

Also before the Court is Plaintiff's Motion for a One Time Only Assistance by Counsel, in which he requests assistance to "help [him] in areas [he is] not fully

---

[1] Dr. Lavonas's name is spelled in different ways throughout the briefing. The Court uses the spelling from Defendants' response to the objections.

understanding". (ECF No. 79.) If the Court does not grant him an attorney and dismisses his case, he asks that dismissal be without prejudice. (*Id.* at 1.) Defendants did not file a response, but the Court needs no response to decide the Motion for a One Time Only Assistance by Counsel.

For the reasons set forth below, Plaintiff's Objection is overruled and the Recommendation is adopted in its entirety, and Plaintiff's Motion for a One Time Only Assistance by Counsel is denied as moot.

## I. BACKGROUND[2]

Plaintiff was a pretrial detainee in custody of the Denver Sheriff's Department, who received treatment at Denver Health from Defendants from July 14, 2020 to September 3, 2020. (ECF No. 27 at 4.) On July 5, 2020, Plaintiff received radiology imaging from Olivia Serigano, M.D. regarding pain in his left foot. (*Id.* at 12.) This radiology report indicates that Plaintiff's foot had a suspected fracture, a mild displacement, and was rotated. (*Id.*) It then states there was soft tissue swelling and a fragment arising from the navicular bone. (*Id.*) Plaintiff claims that Dr. Serigano had a surgery treatment plan for this injury. (*Id.* at 4.) This surgery plan, or any mention of it, is absent from the provider notes of subsequent treating physician Defendant Eric Lavonas, M.D. (Exhibit One) or Dr. Serigano's imaging report (Exhibit Two). (*Id.* at 11–12.)

Days after meeting with Dr. Serigano, Plaintiff returned to Denver Health for complaints of left foot pain. (*Id.* at 4.) Dr. Lavonas and Dr. Pelletier both treated

---

[2] The Background is taken from the Factual Background section of the Recommendation. (ECF No. 78 at 2–4.)

Plaintiff during this visit. (*Id.*) Plaintiff again underwent imaging, which indicated that his left foot was mildly displaced and the fracture had started to callus. (*Id.* at 14.) Otherwise, the alignment was normal. (*Id.*) Plaintiff claims Dr. Lavonas discussed a surgical treatment plan to have pins surgically put in Plaintiff's bone to have it "held and realigned" for proper healing. (*Id.* at 4.) Plaintiff alleges Dr. Lavonas knew of Dr. Serigano's "surgery treatment plan" while attending to Plaintiff but did not put Plaintiff "back in her hands for surgery." (*Id.*) Dr. Lavonas discharged Plaintiff at the conclusion of this visit. (*Id.* at 5.) Plaintiff contends that he was discharged "without any ambulatory assistance or mobile device." (*Id.*) Exhibit 13 from the Second Amended Prisoner Complaint ("SAC") indicates that Dr. Lavonas prescribed Plaintiff a "cam boot" for his fracture. (ECF No. 27-2 at 3.) Plaintiff asserts Dr. Pelletier discharged him without the "cam boot" and never scheduled the surgery date for the treatment plan that was discussed with Dr. Lavonas. (ECF No. 27 at 5.) The notes displayed in Exhibit One state that Plaintiff did not appear for surgery the week prior. (*Id.* at 11.)

Plaintiff returned to Denver Health on August 3, 2020 where he received treatment from Dr. Hoffman. (*Id.* at 6.) Plaintiff explained to Dr. Hoffman that his left foot pain ranged from an 8/10 to a 10/10, but there were no other associated symptoms. (*Id.*) Plaintiff was prescribed to wear a "cam boot" for three weeks, using crutches if needed, and could then transition to wearing athletic shoes. (*Id.* at 7, 17.) In addition to the "cam boot" Plaintiff was told to elevate his foot and take Tylenol or NSAIDs for pain relief. (*Id.* at 17.)

On August 31, 2020, Plaintiff requested muscle relaxers, Vicodin, or some alternative for his foot pain, as ibuprofen was hurting his stomach, and he had pain in

3

his foot.  (*Id*. at 20.)  No other symptoms were reported to staff.  (*Id*.)

Plaintiff was then seen by medical staff from the Denver Sheriff's Department on September 11, 2020.  (*Id*. at 21.)  He reported to the responding staff that he was scheduled for surgery on September 15, 2020.  (*Id*.)  According to Exhibit Eleven, Plaintiff had a steady gate and slight swelling in his foot.  (*Id*.)  No other symptoms were disclosed.  (*Id*.)  Plaintiff was given crutches until he was cleared by a doctor.  (*Id*.)

In the SAC, Plaintiff claims that Defendants failed to give him treatment for his condition, (*id*.), that he never received "adequate medical care," (*id*. at 5), and Defendants chose to ignore his condition, (*id*.).  Plaintiff contends that through these acts, Defendants caused his bone to fuse irregularly.  (*Id*. at 4.)  In sum, Plaintiff claims that these actions by Defendants were in violation of the Eighth Amendment.  (*Id*. at 7.)

## II. THE RECOMMENDATION

In the SAC, Plaintiff alleges deliberate indifference by failing to treat his diagnosed condition.  He brings his claims against all Defendants in their individual capacities.  (ECF No. 27 at 2–4.)  Defendants seek dismissal of Plaintiff's claims, asserting qualified immunity.  (ECF No. 58.)  In his Recommendation, Judge Hegarty recommends granting the Motion.

First, Judge Hegarty examined the subjective component of an Eighth Amendment claim and concluded that the facts in the SAC do not show that Defendants consciously disregarded known risks to Plaintiff's health.  (ECF No. 78 at 8.)  He pointed to the fact that all Defendants ordered imaging of Plaintiff's foot to understand his condition, examined the imaging, and attempted to examine Plaintiff's foot to understand his complaints.  (*Id.*)  Additionally, all Defendants gave treatment of some

4

kind, including a "cam boot," crutches, instructions to elevate the foot and take oral medication. (*Id.*)

Ultimately, Judge Hegarty concluded that Defendants did not act with deliberate indifference, as Plaintiff's complaints of pain were nonspecific, and Plaintiff's allegations that surgery was the only proper course of treatment are not grounds for actionable claims under the Eighth Amendment. (*Id.* at 9.) He noted that Defendants did not refuse care or ignore protocol, but instead recommended that Plaintiff establish care with an orthopedic physician or podiatrist. (*Id.*) Finally, he also stated that under Supreme Court precedent, medical negligence—assuming *arguendo* Defendants' actions constituted medical negligence—does not give rise to deliberate indifference. (*Id.*)

Plaintiff also alleged that Defendants acted in violation of the Eighth Amendment by failing to provide adequate medical treatment. (*Id.*) However, Judge Hegarty concluded that the record establishes otherwise, as Defendants merely chose a different course of treatment than Plaintiff's preferred treatment. (*Id.*) Because this case concerns only a difference of medical judgment between Plaintiff and Defendants, he determined that Plaintiff's allegations do not plausibly state a claim for a violation of a constitutional right. (*Id.* at 10.) As such, Judge Hegarty concluded that Defendants are entitled to qualified immunity.

Next, Judge Hegarty considered whether Plaintiff pled a medical malpractice claim. (*Id.*) He concluded that such a claim is absent from Plaintiff's SAC and is not properly asserted. (*Id.*) And, even if Plaintiff had pled such a claim, he failed to comply with Colorado statutory law to pursue a medical malpractice claim. (*Id.* (explaining the

5

statutory requirements under Colorado law).)

Further, Judge Hegarty found that even had Plaintiff complied with the statutorily mandated procedural requirements, this Court would not exercise supplemental jurisdiction over any remaining state law claim because: (1) the Tenth Circuit strongly prefers that trial courts decline the exercise of supplemental jurisdiction when all federal claims have been dismissed; and (2) any potential delay or duplication resulting from a dismissal without prejudice does not constitute a compelling reason to retain jurisdiction. (*Id.* at 10–11.)

Finally, Judge Hegarty considered whether to recommend granting Plaintiff leave to amend his complaint. (*Id.* at 11.) He observed that Plaintiff has already amended his complaint twice and has nonetheless failed to plausibly allege his claims. (*Id.*) Accordingly, he found that there is little reason to believe that Plaintiff would be successful on future amendment and recommended not permitting Plaintiff leave to amend his complaint. (*Id.*)

Accordingly, Judge Hegarty recommended that the Court grant Defendants' motion to dismiss and dismiss the SAC with prejudice.

## III. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S.

140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record."). An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. (quoting *Thomas*, 474 U.S. at 47). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as an advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## IV. ANALYSIS

In his 15-page Objection to the Recommendation, Plaintiff fails to address with any specificity any of the findings in the Recommendation. (*See* ECF No. 80.) Instead, among other things, he merely reiterates various federal statutes and cases he claims supports his case; states generally that Defendants violated his constitutional rights; wonders why, if qualified immunity is guaranteed when asserted, did the officer who killed George Floyd get prosecuted; asks that the judges be fair and review his case;

7

states without providing any explanation that he "presented evidence satisfying both prongs for each defendant in [his] claims.  For objective test and subjective test" (*id.* at 7); and defines various terms.  (*See generally id.*)

In their Response to the Objection, Defendants assert that Plaintiff "fails to focus attention and specifically object to the Magistrate Judge's findings, and makes general and conclusive arguments." (ECF No. 82 at 3.)  Additionally, Defendants point out that the Objection is "merely a restatement of his arguments made previously in extensive briefing of the motion to dismiss." (*Id.*)  Plaintiff "continues to assert that he did not receive adequate medical care and continues to disagree with his treating physicians," which do not constitute "sufficiently specific objections" under Rule 72.  (*Id.*)  As such, Defendants argue the Objection is not specific enough to trigger *de novo* review and the Court should review the Recommendation for clear error.  (*Id.*)

Having reviewed Plaintiff's Objection in its entirety, the Court finds that Plaintiff never truly challenges the heart of Judge Hegarty's Recommendation, namely, that he has failed to overcome the defense of qualified immunity.  Therefore, Plaintiff's Objection is insufficient to trigger *de novo* review.  *See Silva v. US Bank, Nat'l Assoc. as Tr. under Pooling & Serv. Agreement dated as of Feb. 1, 2007*, 2018 WL 10561514, at *1 (D. Colo. Mar. 19, 2018) (citing *Strepka v. Sailors*, 494 F. Supp. 2d 1209, 1230 (D. Colo. 2007) ("A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.")).

In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150

(1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court concludes that Judge Hegarty's analysis was thorough and sound, and that there is no clear error on the face of the record.

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objection (ECF No. 80) is OVERRULED;

2. The Report and Recommendation (ECF No. 78) is ADOPTED in its entirety;[3]

3. Defendants' 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Prisoner Complaint (ECF No. 58) is GRANTED;

4. Plaintiff's Second Amended Complaint (ECF No. 27) is DISMISSED WITH PREJUDICE;

5. Plaintiff's Motion for a One Time Only Assistance by Counsel (ECF No. 79) is DENIED AS MOOT in light of the dismissal of this action;

6. Each party shall bear its own fees and costs; and

7. The Clerk is DIRECTED to enter judgment in favor of Defendants and against Plaintiff and terminate this case.

---

[3] The Court agrees with Judge Hegarty's conclusion that Plaintiff did not plead a medical malpractice claim. (ECF No. 78 at 10.) Therefore, nothing in this Order should be construed as dismissal of such a claim with prejudice.

9

Dated this 10th day of March, 2023.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge